HALL, Judge.
Walter Harvey appeals the denial of his motion for credit for time served. He contends the trial court erred in giving him only 44 days’ credit for time served as he was in custody from April 18, 1990, until June 17, 1991 (426 days). We remand for further consideration by the trial court.
In its order, the trial court noted, referring tó notices of arraignment, that as of November 5, 1990, Harvey was not in custody. It then noted that Harvey’s release on his own recognizance was revoked on May 6, 1991, and he was sentenced on June 17, 1991.[1] However, the September 7, 1990, order certifying Harvey as an adult, which the court attached to its order, directs that Harvey be transferred to the Pinellas County Jail and lists the amount of *171 bond he had to post in order to be released. Thus, Harvey may be entitled to more than 44 days’ credit for time served. E.R. v. State, 584 So.2d 158 (Fla.2d DCA 1991) (detainees must be given credit for time served in the functional equivalent of county jail, i.e., in secure detention, prior to conviction).
We remand with directions that the trial court determine if Harvey was in secure detention before he was transferred to the county jail, when Harvey was released on his own recognizance, and whether the amount of credit for time served that he was awarded should be adjusted accordingly.
Remanded.
CAMPBELL, A.C.J., and THREADGILL, J., concur.

. We note that 43 days, rather than 44 days, elapsed between these dates.